IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY WALTER GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cv-734 |
| ) | |
| RUTHERFORD COUNTY and ) | Judge Trauger |
| RUTHERFORD COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Bobby Walter Garrett, a state prisoner confined at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) The court has granted the plaintiff's application to proceed *in forma pauperis*, and must conduct an initial screening of the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.   PLRA SCREENING OF PLAINTIFF'S COMPLAINT**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, or seeks and obtains permission to proceed without prepayment of fees and costs, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). While the reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**II.   FACTUAL ALLEGATIONS**

The plaintiff here names only Rutherford County and the Rutherford County Detention Center as defendants. He alleges that state inmates confined at the Detention Center do not receive the "credits" to which they are entitled under Tennessee Department of Corrections ("TDOC") rules because the facility does not provide enough jobs and programs to accommodate all of the state prisoners that it houses. The plaintiff asserts that the number of jobs available should have been taken into consideration by the Rutherford County

Detention Center before the facility was allowed to be filled with state prisoners; and that credits are "vital" because they help reduce sentences and allow inmates a chance to be released on good behavior. (ECF No. 1, at 10.) The plaintiff also complains that not all inmates are treated equally because only a few are allowed to participate in jobs and programs, and those few have a better chance of serving a shorter sentence than other inmates who are not granted the same opportunities, even if they received the same sentence in the courtroom.

None of the allegations in the complaint concerns the plaintiff personally, but he has submitted documentation indicating that he sent letters to Sheriff Robert Arnold and Commander Guy Goff, and submitted a grievance form through the prison grievance procedure, complaining that there are not enough jobs and programs available at the Detention Center and that he has not been able to get into any job or program to help reduce his sentence. He also requested a transfer to another facility that would allow him to earn credits. His letters were unanswered, and he was informed that his grievance was not valid because the issue was a "non-grievance issue." (ECF No. 1, at 8.)

In his complaint, the plaintiff requests injunctive relief, specifically, that "[a]ll T.D.O.C. inmates [at the Detention Center] be given full credits"; that a state liaison or counselor be placed in the facility to assist state inmates; that a "work a day, off a day program" be put in effect; that state inmates be housed in facilities that can provide jobs; and that the Detention Center create other jobs and programs for the inmates housed there. (ECF No. 1, at 9.)

### III.     ANALYSIS

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The plaintiff does not specify the constitutional provisions or federal laws that Rutherford County's practices allegedly violate. The court, therefore, liberally construes the complaint to allege that the defendants' failure to adopt policies and procedures to ensure his ability to participate in a program that would allow him to earn sentence-reduction credits violates the plaintiff's due-process and equal-protection rights.

#### A.     Plaintiff Fails to State a Claim for Violation of his Due Process Rights

The Due Process Clause does not itself create a liberty interest in earning sentence-reduction credits. *Sandin v. Conner*, 515 U.S. 472, 477 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992). While state statutes and regulations may confer a liberty interest that is protected by due process, *Wolff*, 418 U.S. at 557, they do so only if a denial of those liberty interests "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84. If a prisoner-plaintiff cannot show that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, then such statutes and regulations do not convey a liberty interest, even if they contain unmistakably mandatory language. *Id.* at 480–82.

It is apparent that Tennessee law does not confer a right to accrue sentence-reduction credits. Under Tenn. Code Ann. § 41-2-146(a), "[w]hen any prisoner . . . is serving time in the county jail or workhouse pursuant to an agreement with the department of correction, the sheriff or superintendent of the county shall be authorized to permit the prisoner to participate in work programs." In other words, Rutherford County may permit state prisoners to participate in work programs but is not required to do so. More generally, state statute also provides that "[t]hose persons committed to the custody of the department of correction shall be assigned to work, educational and/or vocational training programs *when positions in those programs are available.*" Tenn. Code Ann. § 41-21-236(a)(1) (emphasis added). Thus, the law does not mandate that TDOC ensure the availability of work and training programs for every inmate.

The plaintiff here does not allege that either of the above-referenced statutes has been violated; he complains that Rutherford County does not have enough positions available in the work and other programs that it does offer, and that the plaintiff, among others, has not been able to secure a position in any such program. The plaintiff does not allege that he has had sentence-reduction credits taken from him, or that he is accruing sentence-reduction credits at lesser rate than mandated under the statutes. The plaintiff's only complaint is that inmates who do not have jobs or programs serve longer sentences than those who do, even if they received the same sentence in the courtroom, because those who secure positions in jobs or programs are able to earn credits to reduce their sentences. However, accruing sentence-reduction credits less quickly than another prisoner does not amount to an "atypical and significant hardship on [the plaintiff] in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, especially where there is no constitutional right

to sentence-reduction credits in the first place. Consequently, the fact that Rutherford County does not have job or program positions available for every state inmate housed at the Rutherford County Detention Center does not give rise to a due-process violation.

### B. Plaintiff Fails to State a Claim for Violation of his Equal Protection Rights

The Equal Protection Clause of the Fourteenth Amendment provides that a state shall not make or enforce any laws that abridge the privileges or immunities of citizens of the United States, or deny persons equal protection of the laws to those within its jurisdiction. The Supreme Court has interpreted this Clause as a "direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citation and internal quotation marks omitted). To establish an equal-protection violation, the plaintiff also must establish discriminatory intent or purpose. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1997).

The plaintiff here does not allege, nor can it be reasonably inferred from the complaint, that he is a member of a protected class. Prisoners are not members of a protected class for equal-protection purposes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (citing *Harris v. McRae*, 448 U.S. 297, 323 (1980)). Likewise, confinement in the Rutherford County Detention Center does not place the plaintiff in a protected class. Even if he did allege membership in a protected class, the plaintiff has not alleged *intentional* discrimination against him *because of* such membership. Accordingly, there is no violation of the Equal Protection Clause.

### III. CONCLUSION

For the reasons explained herein, the court finds that the plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for violation of his due-process or equal-protection rights. The complaint will therefore be dismissed for failure to state a claim.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge