IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY WALTER GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cv-734 |
| ) | |
| RUTHERFORD COUNTY and ) | Judge Trauger |
| RUTHERFORD COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Bobby Walter Garrett, a state prisoner confined at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) The plaintiff has also submitted an application to proceed *in forma pauperis*. (ECF No. 2.)

**I.     Application to Proceed *in Forma Pauperis***

It appears from the plaintiff's application that he lacks sufficient financial resources to pay the full filing fee in advance. The application is therefore **GRANTED**, and the Clerk of Court is **DIRECTED** to file the complaint *in forma pauperis*, 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is nonetheless assessed the full $350.00 civil filing fee. 28 U.S.C. § 1915(b)(1). The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. *Id.* Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden (or other appropriate official) of the Rutherford County Detention Center to ensure that the custodian of the plaintiff's inmate trust

account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

**II.     PLRA Screening of Plaintiff's Complaint**

Under the PLRA, this court is required to conduct an initial screening of a prisoner's civil complaint if it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. After the initial screening, the court must dismiss the complaint *sua sponte*, before service on any defendant, if the complaint is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

Having conducted the requisite screening, the court finds, for the reasons set forth in the accompanying Memorandum Opinion, that the plaintiff has failed to state a valid claim upon which relief may be granted by this court. Accordingly, the complaint is summarily **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B)(ii).

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

-2-

Case 3:11-cv-00734   Document 9   Filed 09/16/11   Page 2 of 2 PageID #: 31